UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER HART on behalf of JMH,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 1:20-CV-218-TLS |

**OPINION AND ORDER**

The Plaintiff, Jennifer Hart on behalf of JMH, a minor, seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge.

**PROCEDURAL BACKGROUND**

On April 24, 2017, an application for supplemental security income benefits for JMH, a minor child, was filed, alleging a disability onset date of August 12, 2005. AR 19, ECF No. 12. The claim was denied initially and on reconsideration. *Id.* After a hearing, an Administrative Law Judge (ALJ) found that the Plaintiff was not disabled at any time from the application date through the date of the ALJ's decision. AR 19–35. The Appeals Council denied the Plaintiff's request for review. AR 1. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). The Plaintiff filed an opening brief, and the Commissioner filed a response. ECF Nos. 20, 24. The Plaintiff did not file a reply brief, and the time to do so has passed.

**THE ALJ'S DECISION**

To be considered disabled, a child must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ follows a three-step inquiry in evaluating a child's claim for supplemental security income under the Social Security Act.

First, the ALJ looks to whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a), (b). Here, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the application date. AR 22.

Second, the ALJ considers whether the claimant has a medically determinable "severe" impairment or combination of impairments. 20 C.F.R. § 416.924(a), (c). The ALJ found that the Plaintiff has the severe impairments of attention deficit hyperactivity disorder (ADHD), major depression, and anxiety/posttraumatic stress disorder (PTSD). AR 22.

Third, the claimant's severe impairments must meet, medically equal, or functionally equal a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 416.924(a), (d); 20 C.F.R. § 416.926a(a). In assessing functional equivalence, the ALJ considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To be found disabled, the ALJ must find an "extreme" limitation in one domain or a "marked" limitation in two domains. *Id.* § 416.926a(a), (d). A claimant has a "marked" limitation in a domain when her impairment(s) interferes seriously with her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). At this step, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or

medically equal any of the listings. AR 23. The ALJ then found that the Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings, finding that the Plaintiff has "less than marked limitation" in acquiring and using information, attending and completing tasks, interacting and relating with others, and the ability to care for herself and "no limitation" in moving about and manipulating objects and in health and physical well-being. AR 29–34. As a result, the ALJ found that the Plaintiff is not disabled. AR 34.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore*

*v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted).

## ANALYSIS

In seeking reversal of the ALJ's decision, the Plaintiff argues that the ALJ erred in the step three findings for the domains of "Acquiring and Using Information," "Attending and Completing Tasks," "Interacting and Relating with Others," and "Caring for Oneself." For each domain, the Plaintiff cites one or more pieces of evidence that she believes support a "marked" limitation and that the ALJ purportedly did not consider. However, the ALJ either considered the cited evidence or the Plaintiff fails to show how the evidence would affect the ALJ's decision. Moreover, the ALJ thoroughly considered the Plaintiff's medical evidence as well as the Plaintiff's testimony, the Plaintiff's mother's testimony, the opinions of medical experts, and the third-party function reports completed by the Plaintiff's mother and the Plaintiff's teachers. The Plaintiff's brief essentially disagrees with the ALJ's weighing of the evidence, which is not within the scope of this Court's review. For the reasons set forth below, the ALJ sufficiently considered the relevant evidence of record, explained her decision, and cited substantial evidence in support of the findings, and the Plaintiff has not identified any error requiring remand.

As an initial matter, the ALJ's findings of "less than marked limitation" or "no limitation" in each of the four domains challenged by the Plaintiff are consistent with those of the State agency reviewing psychologists who considered the Plaintiff's claim at the initial and reconsideration levels of review. *See* AR 80–86, 88–96. The ALJ explicitly found these opinions

4

to be supported by and consistent with the overall evidence and, thus, found them persuasive "regarding the assessment of less than marked to no limitations in age-appropriate functioning within the domains." AR 27; *see* 20 C.F.R. § 404.1520c(b)(2) ("[T]he factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be."). The Plaintiff does not challenge the ALJ's reliance on these opinions.

A.  **"Acquiring and Using Information" and "Attending and Completing Tasks"**

In the domains of "Acquiring and Using Information" and of "Attending and Completing Tasks," the ALJ found that the Plaintiff has "less than marked limitation." AR 28–30.

As for "Acquiring and Using Information," the ALJ noted the testimony of the Plaintiff and her mother regarding the Plaintiff's poor grades in the homeschool setting, supported by evidence from State Agency psychologists; however, the ALJ also noted an August 2017 teacher report indicating that the Plaintiff was not overdue in any of her lessons, had no limitations in acquiring and using information, and had an overall average in school of 74 percent. AR 29, 197. Citing the report of Andrea Current-Bomer, Psy.D, HSPP, a clinical psychologist/health service provider in psychology for the Indiana Department of Education, the ALJ noted that, other than math and art, the Plaintiff appeared to be failing most subjects and had not passed ISTEP testing in several subjects. AR 29 (citing AR 237–61). However, citing the same report, the ALJ noted that "due to accompanying discrepancies, the obtained low average full scale IQ of 77, was not believed to be the best indicator of overall abilities." *Id.* (citing AR 242). The ALJ observed evidence that the Plaintiff's mother failed to complete requested forms or respond to phone calls and the Plaintiff's treatment records note reports of failing to keep scheduled appointments. *Id.* (citing 83–84, 360, 523). Finally, the ALJ noted evidence of the Plaintiff passing her summer classes and receiving improving grades. *Id.*; *see* AR 527, 531, 558, 560, 564, 590.

5

As for "Attending and Completing Tasks," the ALJ acknowledged evidence that the Plaintiff sometimes required redirection and struggled to complete assignments and work independently but found that these problems appeared to be intermittent. AR 30. The ALJ noted the Plaintiff's score of 79 in both Fluid Reasoning and Working Memory, which fell within the borderline between very low average and low average. *Id.* (citing AR 241–42). The ALJ further observed that the Plaintiff did not require medication for her ADHD. *Id.* Finally, the ALJ noted that the Plaintiff's difficulties with maintaining attention and completing tasks did not prevent her from engaging in daily activities, including reading books, watching television, playing video games, and participating in dance classes. *Id.* (citing AR 46–50, 198).

In her brief, the Plaintiff first argues that the ALJ did not appreciate Dr. Current-Bomer's assessment of her academic achievement, cognitive ability, and social, emotional, and behavioral functioning. The Plaintiff argues that the ALJ cherry-picked Dr. Current-Bomer's statement that her Full-Scale IQ score of 77 was not the best indicator of her abilities at the expense of other weaknesses identified by Dr. Current-Bomer. As an example, the Plaintiff quotes an excerpt from the report regarding the Plaintiff's testing behavior that showed frequent distraction and the need for adult redirection. Pl. Br. 9–10, ECF No. 20 (citing AR 241). The Plaintiff then notes her poor grades in class work. *See* AR 241. "Cherry-picking" is ignoring portions of the record unfavorable to the ALJ's decision. *See Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). Here, the ALJ did not ignore unfavorable evidence as the ALJ specifically cited portions of Dr. Current-Bomer's report reflecting the Plaintiff's poor academic performance and need for redirection. The Court declines the Plaintiff's invitation to reweigh the evidence.

Second, the Plaintiff cites the May 2017 mental residual functional capacity assessment completed by social worker Lindsay Souder. AR 509–12. The Plaintiff notes that Souder circled "marked" or "extreme" for several subcategories in the area of "sustained concentration,

6

persistence, and pace" and circled "marked" for two subcategories in the area of "understanding and memory." AR 510–11. The Plaintiff also notes Souder's comment: "Patient has difficulty remembering instructions. Patient has trouble following schedule and routine and needs consistent prompts to do so." AR 510. However, the ALJ found that Souder's opinions did not comport with Souder's own reports and examination findings, which cited improvements in multiple areas of functioning. AR 27 (citing AR 443, 449, 454–55, 466, 484–85, 491–93, 495, 499–500, 503–05). The ALJ also found that the opinion was not consistent with other treatment notes going forward. *Id.* (citing AR 529–619). As a result, the ALJ found Souder's opinion not persuasive. *Id.* The Plaintiff fails to acknowledge this finding, and her argument that the ALJ should have relied on Souder's opinions is not well taken.

Finally, the Plaintiff notes Dr. Current-Bomer's statement in her report: "After dealing with the stressful family situation or when she is asked to complete difficult work, [the Plaintiff] will lie or cheat in order to avoid the task." AR 251. Although it does not appear that the ALJ cited this specific statement, the Plaintiff offers no argument why consideration of this single statement would change the ALJ's findings that are otherwise supported by substantial evidence.

Accordingly, the ALJ's findings in the domains of "Acquiring and Using Information" and "Attending and Completing Tasks" are supported by substantial evidence, and the ALJ did not err in her discussion of the evidence.

B.      **"Interacting and Relating with Others"**

In finding that the Plaintiff has "less than marked limitation" in interacting and relating with others, the ALJ acknowledged the Plaintiff's history of abuse by her biological father, which caused her feelings of insecurity while showering and some difficulties at times interacting with others, particularly with her siblings. AR 31. However, the ALJ then cited evidence of improved social interactions in Girl Scouts, going out to stores and restaurants, and

regular participation in dance three times per week. *Id.*; *see* AR 25–26, 50, 63, 237, 259, 448–49, 495, 498, 504, 531, 570.

In her brief, the Plaintiff notes that she received intensive therapy and training to address interaction and other skills, Pl. Br. 11 (citing generally AR 531–619), and that she is homeschooled to avoid panic attacks and bullying, *id.* (citing AR 62). The Plaintiff notes records she describes as showing that normal interaction with others "would be next to impossible" when she has symptoms of PTSD. *Id.* (citing AR 400, 405, 409, 440, 471, 496, 502, 602). Finally, the Plaintiff notes that Souder circled "marked" several times and "extreme" once for subcategories in the area of social interaction. *Id.* (citing AR 511).

As noted above, the ALJ found Souder's opinion unpersuasive, and the Plaintiff has not disputed that finding. The remainder of the Plaintiff's evidentiary citations are another invitation for the Court to reweigh the evidence. The Plaintiff does not address the evidence cited by the ALJ or explain why the evidence cited by the Plaintiff should change the decision. Notably, many of the records cited by the Plaintiff show improvement and weaning off medications. *See, e.g.*, AR 400, 440, 502. The ALJ's finding in the domain of "Interacting and Relating with Others" is supported by substantial evidence, and the ALJ did not err in the finding.

C. **"Caring for Oneself"**

The ALJ found that that the Plaintiff has "less than marked limitation" in the domain of "Caring for Oneself." AR 33. The ALJ noted that the Plaintiff reported independence in brushing her teeth/hair, with self-care, and with picking out her own clothing and that she does chores. AR 26. The ALJ acknowledged the mother's testimony that the Plaintiff is independent in showering but has to have the curtain open and be reassured that her mother is nearby. *Id.*; AR 33. The ALJ noted the mother's testimony that the Plaintiff needs some reminders to attend to personal care. AR 33. However, the ALJ also noted the IEP report that the Plaintiff's skills are age-appropriate

in this area of functioning. *Id*. The ALJ also discussed the state agency reviewing psychologist's notation of the absence of the need to seek medical care or treatment in this area. AR 34. Finally, the ALJ relied on evidence that the Plaintiff retained the basic household skills necessary to care for a pet, use kitchen tools, and prepare something simple to eat. *Id.* (citing AR 252–53, 324).

In her brief, the Plaintiff identifies only two pieces of evidence to argue that she has more than a marked limitation in this area. The first is that the Plaintiff does not feel safe in the shower and must either have her mother in the bathroom or have the shower curtain and door open to be able to see her mother. The ALJ specifically discussed this fact, and the Plaintiff offers no argument why the remainder of the ALJ's finding is not supported by substantial evidence. The second is Souder's comment that the Plaintiff "has trouble with neatness and cleanliness as evidence by completing hygiene and picking up after herself." AR 511. Again, the ALJ's finding that Souder's opinion is unpersuasive has gone unchallenged by the Plaintiff. Moreover, the Plaintiff does not explain how this statement would change the ALJ's decision. Accordingly, the ALJ's finding in the domain of "Caring for Oneself" is supported by substantial evidence, and the ALJ has not erred in the finding.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the relief sought in the Plaintiff's Opening Brief [ECF No. 20] and AFFIRMS the decision of the Commissioner of the Social Security Administration.

SO ORDERED on August 8, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT